### In re BLUEBERRY HILL APART-MENTS, LTD., Debtor.

**Bankruptcy No. 2–90–02108.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Oct. 19, 1990.

Hywel Leonard, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., and Don Gardner, Keating, Muething & Klekamp, Cincinnati, Ohio, for Florida Federal.

Victor S. Krupman, Columbus, Ohio, for debtor.

James W. Boyle, Rec., Robert N. Lernor, Altamonte Springs, Fla.

Jay Alix, Southfield, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, Gen. Counsel to the Trustee.

Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio Sp. Counsel to the Trustee, and for Cardinal Retirement Management Group, Inc., Cardinal Acceptance Corp., Maxim Building Corp., Cardinal Advisory Group, Inc., and Columbus Const., Inc.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the U.S. Trustee for Region IX.

Lori Lapin Jones, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, and Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio for the Official Committee of Unsecured Creditors of Cardinal Industries, Inc.

P. Steven Kratsch, Kilpatrick & Cody, Atlanta, Ga., for the Official Committee of Unsecured Creditors of Cardinal Industries of Florida, Inc.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, for Cardinal Industries of Georgia, Inc., Cardinal Industries Mortg. Co. and Cardinal Parts Service Co.

Charles J. Taunt, Birmingham, Mich., for Cardinal Industries Services Corp., Cardinal Industries of Florida Services Corp., Cardinal Industries of Georgia Services Corp., and Cardinal Furniture Leasing Co.

Thomas R. Noland, Altick & Corwin, Dayton, Ohio, for Cardinal Partnership Corp. and Cardinal Partner Corp.

Gary H. Cunningham, Schlussel, Lifton, Simon, Rands, Galvin & Jackier, Southfield, Mich., for Cardinal Lodging Group, Inc. and Cardinal Apartment Management Group, Inc.

Sara J. Daneman, Chester, Hoffman, Willcox & Saxbe, Columbus, Ohio, for Cardinal Industries Development Corp.

## OPINION AND ORDER ON MOTIONS TO DISMISS, RELIEF FROM STAY AND TO EXCUSE THE RECEIVER'S COMPLIANCE WITH 11 U.S.C. § 543(b)

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the motions filed by Florida Federal Savings Bank ("Florida Federal") seeking to transfer this Chapter 11 case to the United States Bankruptcy Court for the Middle District of Florida, relief from the automatic stay, dismissal of this case, and to excuse the receiver from complying with the turnover provisions of 11 U.S.C. § 543(b). The motions were heard August 28, 1990, following which the Court took all matters under advisement.[1]

The Court has jurisdiction in these matters pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. These are core proceedings which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A), (E), (G), and (O). For reasons discussed in this order, the relief sought by Florida Federal will be denied.

---

1. Florida Federal also brought a motion to prohibit the use of rents. This Court previously ruled on this motion in *In re Cardinal Industries, Inc.,* 118 B.R. 971 (Bankr.S.D.Ohio 1990).

## I. PRELIMINARY FACTS

Blueberry Hill Apartments, Ltd. ("Debtor") is the owner of real property known as the Blueberry Hill Apartments ("the Property") located in Leesbury, Florida. On November 26, 1986, the Debtor executed a promissory note in the principal amount of $1,540,000.00 payable to Cardinal Industries Mortgage Company ("CIMC"). The note was subsequently assigned to Florida Federal on December 12, 1986.

The obligations of the Debtor under the promissory note are secured by a mortgage, assignment of rents and security agreement dated November 26, 1986. CIMC assigned the mortgage to Florida Federal on December 12, 1986 and the mortgage was recorded on December 15, 1986. The mortgage grants to Florida Federal a lien on the Property and on all related personal property (collectively the "Collateral"), including but not limited to, all rental income and revenue from the Property (the "Rents"). Florida Federal perfected its security interest in personal property by a financing statement with the county recorder.

On February 1, 1989, the Debtor failed to make the monthly payment required under the promissory note. After notice to the Debtor of this default, Florida Federal initiated foreclosure proceedings in the circuit court for Lake County, Florida. On May 17, 1989 the state court appointed James Boyle (the "Receiver") as receiver of the Property. The Receiver immediately took possession of the Property and has remained in possession since that date.

The state court also entered a final judgment of foreclosure on May 17, 1989 and granted Florida Federal judgment against the Debtor in the amount of $1,630,404.74, with interest at 12% per annum. Settlement negotiations between the parties began in January 1990, but broke off in March 1990. A foreclosure sale was scheduled for March 29, 1990. However, on March 28, 1990, the Debtor filed this Chapter 11 case.

At the hearing before this Court, Florida Federal agreed to withdraw its motion seeking to transfer the venue of this case to Florida. That request is deemed withdrawn and will not be considered by the Court.

## II. ISSUES PRESENTED

Three issues are before the Court for decision:

1. Has Florida Federal established that this case should be dismissed pursuant to 11 U.S.C. § 1112(b) because it was filed in bad-faith?

2. Has Florida Federal shown cause for relief from the automatic stay within the meaning of 11 U.S.C. § 362(d)(1) for such lack of good-faith?

3. Is Florida Federal entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2) because the Debtor lacks equity in the Property and the Property is not necessary for an effective reorganization?

## III. LEGAL DISCUSSION

### A. *Lack of Good Faith As Cause Either For Dismissal Or For Relief From Stay.*

█ As Florida Federal acknowledges, this is not the first time this Court has been asked to decide whether a partnership debtor with one major asset has filed its Chapter 11 petition in good faith. This Court has already held that a party seeking to establish that a case should be dismissed pursuant to 11 U.S.C. § 1112(b) or an automatic stay lifted for a bad faith filing pursuant to 11 U.S.C. § 362(d)(1) must show more than a mere bankruptcy filing on the eve of a scheduled foreclosure sale. *In re Willowood*, 113 B.R. 392 (Bankr.S.D.Ohio 1990).

Florida Federal nevertheless seeks dismissal and relief from stay primarily because, as in *Willowood*, the Debtor has few unsecured creditors and is a single-asset entity which filed its Chapter 11 petition immediately prior to a scheduled foreclosure sale. Florida Federal contends those facts demonstrate that the Debtor filed its petition in bad faith.

The facts relied upon by Florida Federal are relevant. Also relevant, however, is an analysis of whether the Debtor has an ongoing business it needs to reorganize and whether there is a reasonable probability that a confirmable plan can be proposed. *In re Winshall Settlor's Trust,* 758 F.2d 1136 (6th Cir.1985). In this regard, each case must be analyzed on its own facts.

This Debtor has assets (primarily the Property); it has an ongoing business; and it has obligations to parties other than the movant. Florida Federal has the burden of proof on the dismissal request and has an initial burden of production on the cause issue for relief from stay. Therefore, unless Florida Federal can demonstrate a high likelihood that reorganization could not occur and that such likelihood is apparent to the Debtor, or that the Debtor has committed inappropriate acts which would affect its right to invoke the legal remedies otherwise available to it under Chapter 11, the Court will not find that the filing of a Chapter 11 petition on the eve of a foreclosure sale by a single asset Debtor establishes an improper intent merely to delay and frustrate a creditor's rights.

The Court does not find and Florida Federal has not shown any justifiable reason to distinguish this Debtor's Chapter 11 filing from that of other limited partnership cases pending before the Court. At this early stage, when doubts are to be resolved in favor of the Debtor, the Court will not dismiss this case or grant relief from stay for lack of good faith on the facts shown.

B. *Relief From Stay For Lack Of Equity And Lack Of Necessity Of The Property For An Effective Reorganization.*

Section 362(d)(2) provides:

(d) On request of a party in interest ... the Court shall grant relief from the stay provided under subsection (a) of this section ...

(2) with respect to a stay of an act against property under subsection (a) of this section if—

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

The parties agreed at trial that the Debtor has no equity in the Property. Thus, the Court's analysis must focus on the second requirement under § 362(d)(2)(B).

■ In a single asset case, where the primary secured lender challenges the Debtor's ability to effectively reorganize within a reasonable time, a debtor must show that it is moving meaningfully to propose a plan of reorganization and that any proposed or contemplated plan has a realistic chance of being confirmed and executed. In addition, this showing of a reasonable possibility of reorganization must come within a reasonable time.

■ These requirements, however, presuppose that a debtor is able to suggest a reorganization plan because it has the financial and operating data to make realistic conclusions about the viability of its property. Where the moving lender has caused the appointment of a receiver and that receiver either has not communicated the financial results of its operations to the debtor or has demonstrated operations below the level obtained when the debtor last operated its property, the debtor cannot reasonably be expected to come forward with a proposed plan of reorganization while those circumstances continue. When a receiver has remained in control of a debtor's property despite the requirements of 11 U.S.C. § 543, and records are not readily available to the debtor to form accurate plan projections, the possibility of reorganization which the debtor must show will be slight. The Court will be justifiably reluctant to grant relief to a moving party under those circumstances.

■ In the present case, the Debtor filed its petition for relief on March 28, 1990. It has not been in possession of its Property since May 17, 1989. The Debtor presented testimony that it believes this Property could be operated efficiently by a management company selected by the Debtor. Florida Federal contends that the Debtor cannot operate at a level which would satis-

fy its allowed secured claim amortized over 30 years at a market rate of interest.

While it is true that the Debtor's financial projections would result in current monthly net operating income which would not fully service the secured claim of Florida Federal, this case is too new to grant relief from stay on that basis alone. Until the Debtor has had a reasonable opportunity to operate the Property and attempt to propose a plan of reorganization, the Court will not terminate the reorganization effort. Under the circumstances of this case, the Debtor has met its relatively light burden.

Accordingly, Florida Federal's motion for relief from stay pursuant to 11 U.S.C. § 362(d)(2) is denied. At the hearing, Florida Federal also agreed that if such relief were denied, its motion to excuse the Receiver's compliance with § 543(b) should also be denied.

## IV. CONCLUSION

Based upon the foregoing, Florida Federal's motions to dismiss this case or for relief from stay are hereby denied. Further, Florida Federal's motion to excuse the Receiver's obligation to turn over the Property is also denied. The Receiver is hereby ordered to turn the Property over to the Debtor and to file the accounting required by 11 U.S.C. § 543(b)(2).

IT IS SO ORDERED.