In re NORTHGATE TERRACE
APARTMENTS, LTD., Debtor.

**Bankruptcy No. 2–90–00217.**
**EIN: 59–2373860.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 30, 1991.

Drew T. Parobek, Vorys, Sater, Seymour and Pease, Columbus, Ohio, for Goldome Realty Credit Corp.

Thomas I. Blackburn, Denmead, Blackburn & Willard, Columbus, Ohio, for debtor.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, for trustee.

Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, for trustee Columbus Const., Inc.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the U.S. Trustee for Region IX.

## OPINION AND ORDER ON MOTION FOR RELIEF FROM STAY

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Procedural Background and Jurisdictional Statement*

This matter is before the Court upon the renewed motion of Goldome Realty Credit Corporation ("Goldome"), seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a). The motion was opposed by the debtor, Northgate Terrace Apartments, Ltd. ("Northgate"). The Court denied an earlier similar motion on June 1, 1990, but indicated that Goldome could renew its motion if Northgate failed to file a plan of reorganization accompanied by a disclosure statement within sixty (60) days after that order.

Hearing on Goldome's renewed motion was continued several times before being heard by the Court on December 21, 1990. Prior to that hearing Northgate filed and later amended a plan and disclosure statement. A hearing to consider the adequacy of that amended disclosure statement is set for March 11, 1991.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine.

### II. *Factual Background*

The debtor is a limited partnership which owns real property known as phase one of Northgate Terrace Apartments ("Property"). The Property, which is located in Panama City, Florida, is comprised of 72 apartment units in nine separate one-story buildings.

On November 22, 1983, Northgate executed and delivered to Goldome a Security Agreement and Mortgage ("Mortgage"), securing repayment of a Promissory Note ("Note") in the principal amount of $1,296,-

000. Northgate later defaulted under the terms of the Note and Goldome commenced a foreclosure action. On August 4, 1989 the state court in Florida appointed a receiver to operate the Property. Although Northgate filed its voluntary petition under Chapter 11 of the Bankruptcy Code on January 11, 1990, the receiver remained in place until August 31, 1990.

### III. *Issue Presented for Determination*

The parties agree that the sole issue before the Court is whether the evidence shows that Goldome is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2), based upon a lack of equity in the Property and no reasonable possibility of effective reorganization.

### IV. *Legal Discussion*

In the order denying Goldome's first request for relief, the Court noted that Northgate was entitled to a reasonable time while in possession of the Property to formulate a plan of reorganization. Because the continued presence of the receiver on the Property after the Chapter 11 filing had deprived Northgate of an opportunity to review the Property's recent financial information and formulate a plan, Goldome's earlier motion for relief from the stay was denied. The Court cautioned, however, that Northgate's ability to reorganize was uncertain and Goldome could renew its motion if, within sixty days, Northgate had not filed a plan of reorganization. The Court also commented in the earlier hearing that Northgate's burden to demonstrate a reasonable possibility of an effective reorganization would be greater if the motion were renewed.

### A. *Legal Principles Relating to Relief Under 11 U.S.C. § 362(d)(2).*

■ To obtain relief from the automatic stay under § 362(d)(2), Goldome must show that Northgate lacks equity in the Property. The Debtor must then show that the Property is necessary for an effective reorganization. 11 U.S.C. § 362(g). It is uncontested that Northgate lacks equity in the Property. Therefore, the burden of persuasion rests upon Northgate. Of necessity, that proof requires responses to the assertions of Goldome.

■ The Court previously has discussed factors it will examine in determining whether effective reorganization is possible for a single-asset debtor. Admittedly, the debtor's property is necessary for its reorganization. *In re Ashgrove Apartments of DeKalb County Ltd.*, 121 B.R. 752 (Bankr.S.D.Ohio 1990). Determination whether an effective reorganization is possible, however, generally involves the following two-part test:

1. Has there been a showing that there is a reasonable possibility of a successful reorganization;

2. Has that showing come within a reasonable time?

*United Savings Assoc. of Texas v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.)*, 484 U.S. 365, 108 S.Ct. 626, 632, 98 L.Ed.2d 740 (1988).

■ To show a reasonable possibility of a successful reorganization, Northgate must establish that it is "moving meaningfully" toward a reorganization which is in prospect. *Timbers*, 108 S.Ct. at 632. That showing necessarily must be stronger as the case ages or if the financial information shows a marginal operation. Although any proposed plan must have a realistic chance of being confirmed, legal questions of first impression relating to confirmation issues will not be decided in the context of a relief from stay proceeding.

■ Once the showing of a reasonable possibility of a successful reorganization has been made, whether that showing has come within a "reasonable time" requires the Court to examine:

1. the length of time the case has been pending;

2. the presence or absence of pre-petition or post-petition negotiations among the parties;

3. the length of time the debtor has been in possession and operating its business;

4. the presence or absence of good faith efforts by the parties to negotiate a consensual solution to the case;

5. the level of cooperation from any recent state court appointed receiver in making available to the debtor records of the receiver's operations;

6. the length of time since the expiration of the exclusivity period; and

7. any other relevant legal factors.

This list is not exclusive. The listed factors only are guides for determining whether the showing of a reasonable possibility of a successful reorganization has been made within a reasonable time.

B. *Factual Application of Legal Principles.*

1. *A Reasonable Possibility of a Successful Reorganization.*

Goldome raises numerous arguments to support its contention that Northgate has not demonstrated a reasonable possibility of a successful reorganization. Generally those arguments focus on the financial prospects for the Property and on perceived legal bars to confirmation of the proposed plan.

Goldome argues that Northgate's financial projections are unreliable and cannot serve as a basis for a reorganization effort. Goldome contends that the plan now proposed by Northgate is patently unconfirmable and should not be used by the Court in determining the potential success of Northgate's reorganization. According to Goldome, such unconfirmability is evidenced by the plan's classification of claims, "trivial" impairment of certain classes and violations of the absolute priority rule. Goldome disputes the manner in which its claim has been valued, including deduction for hypothetical costs of sale. Additionally, Goldome takes issue with Northgate's proposal to apply post-petition, pre-confirmation rents paid to Goldome to reduce Goldome's allowed secured claim. Lastly, Goldome contends that the interest rates proposed as discount factors for Northgate's claims are less than the current market rates required in this circuit.

■ Northgate's financial projections, prepared with the assistance of its general partner, Cardinal Industries of Florida ("CIF"), historically have been poor. The Court's appointment of an operating trustee in CIF's Chapter 11 case was designed, in part, to improve the accuracy of that information. Accordingly, inaccuracy of past projections should not defeat Northgate's opportunity to reorganize unless Goldome can show, other than by analogy to historical unreliability, that present financial projections are also unreliable.

■ Goldome believes Northgate's projections are unreliable because they are unrealistic. Northgate, on the other hand, presented lengthy testimony that, although the projected income necessarily is estimated, changes need not endanger Northgate's ability to fund the proposed plan. If funds from certain sources are less than projected, other sources of funds may produce offsetting increases. There was also conflicting testimony about whether the receiver still possesses funds that should be turned over to Goldome. Such funds could reduce Northgate's obligations under the plan. Similar uncertainties exist in the projections of expenses or capital expenditures. Those estimates also appear capable of change in either direction.

A relief from stay hearing is not the time for the Court to determine the ultimate accuracy of Northgate's financial projections. Northgate must establish only that there is a reasonable possibility of a successful reorganization. Unless the projections are shown to be highly inaccurate or are fixed in a manner that makes operation of the Property unfeasible, the projections need only show that reorganization is possible as projected or that certain realistically expected fluctuations are likely to occur which make reorganization likely.

■ A witness for Northgate testified that, even without a 10% reduction in Goldome's allowed secured claim for hypothetical costs of sale, Northgate's plan is capable of supporting its proposed payment structure. Therefore, the legal appropriateness of such reduction is more appropriate for a confirmation hearing. The ques-

tion before the Court at this time is not whether every aspect of Northgate's proposed plan would be sustained over objection at confirmation, but rather, whether there is a reasonable likelihood that the debtor will have the financial means available to obtain confirmation of a plan which is being proposed, subject to permissible pre-confirmation modifications.

■ Goldome further attempted to show that the discount rates proposed to be applied to its allowed claims are lower than the market rates required in this circuit. *See Memphis Bank & Trust Co. v. Whitman (In re Whitman),* 692 F.2d 427 (6th Cir.1982). However, Goldome presented no independent evidence of current market rates of interest for apartment properties. Instead, Goldome's representative testified that Goldome does not make loans for apartments nor does it quote interest rates on such properties. (Tr. 217–218). Without evidence to rebut Northgate's proposed market rates, the Court cannot find that the proposed rates are so unreasonable that reorganization is rendered unrealistic. This is especially true when the Court has independent knowledge that interest rates are now decreasing generally. Such assertions will be tested at confirmation, however.

■ The Court believes the legal issues Goldome raises to show that Northgate's proposed plan is patently unconfirmable are more appropriately decided at a confirmation hearing after proper briefing by both parties. These issues include the assertion of contrived classification, absolute priority rule problems and application of post-petition rents. Relief from stay is not the mechanism for forcing determination of novel or first-impression legal issues relating to confirmation of a proposed plan. Unless the proposed plan is patently unconfirmable or clearly unfeasible, the debtor should be permitted to attempt to achieve confirmation. This is especially true, where as here, hearing on the adequacy of the disclosure statement relating to that plan will occur within a short period of time. Goldome's claims of patent unconfirmability for the proposed plan are not so

persuasive that the Court will halt the process at this time. Northgate presented enough evidence to convince the Court that a reasonable possibility exists that a successful reorganization may occur and the process, therefore, should not be aborted at this time, but should continue.

### 2. *The Reasonable Time Element.*

Finally, the Court must determine whether Northgate's progress toward reorganization has been made within a reasonable time. Northgate's Chapter 11 case has been pending for a year and confirmation of a plan has not been achieved.

■ Northgate has demonstrated that it is moving meaningfully, although slower than either Northgate or the Court expected, toward a plan of reorganization. However, the receiver did not turn the Property over until the end of August 1990, and the receiver's financial records were not given to Northgate until December 1990. The Court believes Northgate should have been more aggressive in seeking to obtain those records. It is uncontested, however, that the receiver's actions have caused problems in the progress of this case. Moreover, the length of time the debtor has had possession of all operations of its Property and the length of time it has had access to all necessary financial records for those operations are two of the critical factors the court must examine. Mere control of its property without access to recent operating records does not permit a debtor to form realistic conclusions about the reorganizational prospects of its property. *See, In re Blueberry Hill Apts., Ltd.,* 124 B.R. 59 (Bankr.S.D.Ohio 1990). Accordingly, although Goldome is not responsible for the delay occasioned by the receiver's actions, Northgate is entitled to a reasonable time following the receiver's turnover of the records to formulate and finalize its plan projections. Northgate formulated a proposed plan of reorganization within a reasonable time after that turnover.

■ Remaining factors to be considered in a reasonable time analysis relate to the presence or absence of meaningful

negotiations between the parties. There was no evidence of such negotiations between Northgate and Goldome. Although Northgate sent at least two proposals to Goldome, Goldome rejected both. Goldome wants to have the Property sold so that the sale proceeds can be used to reduce the debt to Goldome. (Tr. 215). It is clear that Goldome is not interested in permitting Northgate to reorganize if operating the Property is part of that effort. While the presence of ongoing negotiations often might justify a longer "reasonable time," their absence is not a significant factor in this case because of the debtor's lack of access to current financial information. Therefore, the negotiation factors are not dispositive here. However, they relate to equitable assessments. On balance the Court believes the "reasonable time" test should be resolved in Northgate's favor.

### V. Conclusion

The Court finds that Northgate has met its burden and has shown that a reasonable possibility of a successful reorganization exists. That proof did not convince the Court that successful reorganization is certain, however. Rather, the Court believes only that a possibility exists which can be reasonably supported by available data. Although there are very real issues relating to the confirmability of the proposed plan, those will be determined within the next several months as part of the confirmation process.

The Court further finds that the factors relating to the reasonableness of the time within which the showing of reorganization possibility must occur are resolved in Northgate's favor. The factors not in the debtor's favor such as the length of time the case has been pending and the delay in the proposal of the plan are not primarily attributable to Northgate, but rather to problems associated with the receiver. The Court realizes those problems are not the fault of Goldome. However, given the imminency of the disclosure statement hearing and the lack of ongoing negotiations, the Court believes the equities are best balanced by permitting Northgate to at-

tempt to achieve confirmation of its proposed plan.

The Court cautions, however, that Northgate must have its disclosure statement in a final posture by the hearing date of March 11, 1991 and must be prepared to proceed to confirmation without further delay.

Based upon the foregoing, Goldome's motion for relief from stay must be, and the same hereby is denied.

IT IS SO ORDERED.