### In re NORTHGATE TERRACE APARTMENTS, LTD., Debtor.

**Bankruptcy No. 2–90–00217.**

United States Bankruptcy Court, S.D. Ohio, E.D.

April 5, 1991.

Thomas I. Blackburn, Denmead, Blackburn & Willard, Columbus, Ohio, for debtor.

Terry M. Miller, Drew T. Parobek, Vorys, Sater, Seymour and Pease, Columbus, Ohio, for Goldome Realty Credit Corp.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 Trustee.

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, and Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, for Trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Columbus Office of the United States Trustee, for Region IX.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for the Official Committee of Unsecured Creditors.

## OPINION AND ORDER ON SECOND RE-NEWED MOTION FOR RELIEF FROM STAY AND SCHEDULE FOR FURTHER HEARING

BARBARA J. SELLERS, Bankruptcy Judge.

### I. *Procedural Background*

This matter is before the Court on a second renewed motion for relief from stay filed by Goldome Realty Credit Corporation ("Goldome"). The debtor, Northgate Terrace Apartments, Ltd., ("Northgate") opposed the motion and the matter was heard by the Court on March 27, 1991.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

The facts underlying the respective position of these parties have been set forth in the Court's two prior opinions denying relief from stay. Those facts need not be restated.

Certain relevant events and facts have occurred since the Court's January 31, 1991 ruling which denied one of Goldome's earlier motions for relief from stay. That denial was premised upon a finding that the debtor had moved within a reasonable time to propose a plan of reorganization after it received financial information from the receiver. The success of that plan was contested and there were legal issues relating to its confirmation. The Court chose not to determine those matters in the context of a relief from stay motion. Those issues included questions of first impression which the Court believed were more appropriately dealt with in a confirmation setting. The holding assumed, however, that such a hearing would be held within a short period of time. That confirmation hearing, however, has not yet occurred.

In the earlier opinion the Court recognized that there had been delay by the state court receiver ("Receiver") in transferring financial data to the debtor about the operation of its property and there had been difficulties in interpreting that data once it had been received. Goldome had a role in selecting that Receiver. Those factors caused the Court to determine that the time within which the debtor should reasonably have been able to propose a confirmable plan had not yet expired. At the conclusion of that order, however, the Court stated:

> The Court cautions, however, that Northgate must have its disclosure statement in a final posture by the hearing date of March 11, 1991 and must be prepared to proceed to confirmation without further delay. (Opinion of January 31, 1991 at p. 11, 126 B.R. 520, 526 (S.D. Ohio 1991)).

At the time of the disclosure statement hearing on March 11, 1991, Northgate had not amended its disclosure statement to include necessary information relating to the operation of its property. That information was to include an analysis of the Receiver's operations as well as the results

of the debtor's operations since the turnover of the property in late August, 1990. In fact, there had been no amendments to the disclosure statement since the Court's issuance of its order of January 31, 1991. Because the disclosure statement had other obvious deficiencies and was not in final posture "as previously ordered," the Court denied approval of its adequacy in an order entered March 14, 1991. On that same day Goldome renewed its second motion for relief from stay. On March 18, 1991 the debtor filed a Second Amended Disclosure Statement and Plan. A hearing on the adequacy of that disclosure statement has tentatively been set for May 20, 1991. Whether that hearing goes forward, of course, depends upon the resolution of this motion of Goldome.

## II. *Issue Presented For Review*

The only issue before the Court in this matter is whether Northgate has failed to propose and pursue an effective plan of reorganization within a reasonable time.

## III. *Positions of the Parties*

Goldome asserts that the Court must find in its favor because Northgate did not comply with the Court's order of January 31, 1991.

The debtor, on the other hand, insists that its actions have been timely and that it is moving forward as quickly as can be expected, given the difficulties of this case and the many other Chapter 11 plans in which its general partner is actively engaged. The debtor's general partner, Cardinal Industries, Inc., is also a Chapter 11 debtor before this Court. Northgate further believed it would be given a short period after the March 11, 1991 hearing to "clean up" its disclosure statement and amend it to accommodate Goldome's various objections. Allowance of a short clean-up period has been the usual procedure followed by this Court in disclosure statement matters. The debtor further introduced testimony about the procedures and timing its general partner follows in generating plans of reorganization for the many Chapter 11 cases before this Court for which it serves as general partner. Difficulties with the Receiver and time spent responding to Goldome's many motions was also cited as cause for whatever delay exists.

It is apparent that Goldome wishes to terminate this reorganization effort as quickly as possible. All of the reasons for that effort do not arise from concerns about this debtor's property or its operations. Moreover, Goldome has received significant payments on its obligation during the pendency of this case. Nevertheless, the debtor should have complied with the Court's order of January 31, 1991 or should have sought permission for delay or clarification of what the Court meant by "final posture" and "without further delay."

Goldome urges the Court to mean what it says, enforce its orders and grant it relief from the automatic stay. The debtor requests additional time to complete the process now underway and maintains that it has moved as fast as it could under the circumstances. Goldome further points to a desire to resolve the appeal it filed of the Court's January 31, 1991 order. The Court considers that issue to be irrelevant to its decision, however.

## IV. *Reasonable Time to Propose A Plan*

This Court has set guidelines for determining the reasonable time within which a Chapter 11 debtor must propose a plan. *See In re Ashgrove Apts. of DeKalb County, Ltd.*, 121 B.R. 752 (Bankr.S.D. Ohio 1990). The list of factors set forth in *Ashgrove* is nonexhaustive. What is "reasonable" necessarily depends upon the specific facts of a particular case. While one year may be reasonable under one set of facts, under different facts it may be completely unreasonable. No single answer applies to all cases.

Black's *Law Dictionary* defines "reasonable time" as "such time as is necessary conveniently to do what [must be done] and as soon as the circumstances will permit." Reasonable time is not what any one party or even the Court perceives it should be under ideal conditions. This is especially true where evidence shows that circumstances are not ideal and thus, a longer

time than originally anticipated may be justified. The term "reasonable" implies fairness and equity under the circumstances; it is not a knee-jerk reaction which oversimplifies the issue.

This Court cautioned Northgate to proceed without further delay and meant it. Goldome contends it simply wants this Court to enforce that "order" because the debtor is not moving as quickly as Goldome (and at times this Court) perceives it should. But the evidence did not show that Northgate was delaying. Delay means more than the mere passage of time. It requires an action or intentional nonaction designed to "put things off," "impede the process," "defer," or "postpone."

Northgate offered evidence at the latest hearing to show that it was moving within a reasonable time toward confirmation of a proposed plan. Even though Goldome urges this Court to stop placing emphasis on the uncooperativeness of the Receiver, the lack of historical data from the Receiver's operations was a constant and real problem. This Court has frequently recognized that books and records may be more important to a debtor's ability to formulate a feasible plan of reorganization than is physical possession of its property. The Receiver's failure to turn over his records until mid-December 1990 was compounded by the manner in which the Receiver kept those records. The testimony indicated that the debtor needed time to reconcile this information and put it in workable form. Further, in February 1991, Northgate received additional information which indicated that the Receiver's October's records were incomplete.

Although Goldome places little value on this evidence and even objected to its relevancy, it is very relevant to the "reasonable time" element on which Goldome basis this motion for relief from stay. Goldome offered no evidence to show that Northgate was delaying or acting unreasonably under the circumstances. Goldome's motion rested solely on the debtor's failure to obtain approval for its delays, the passage of time, and this Court's previous directive.

An example of a Cardinal affiliate partnership debtor which was not moving meaningfully within a "reasonable time" is Shannon Woods Apartments of Union City, Ltd. ("Shannon Woods"). *Ashgrove,* 121 B.R. at 752. In this opinion, on a motion to reconsider a prior ruling, the Court observed that Shannon Woods had filed its Chapter 11 petition in late 1989. Relief from stay was granted in August 1990 because Shannon Woods had not shown a reasonable possibility of an effective reorganization within a reasonable time. This holding was not altered in the reconsideration opinion. The Court found that Shannon Woods' last minute efforts were too little and too late. By the time of the reconsideration opinion Shannon Woods had not filed *any* disclosure statement. 121 B.R. at 758. Clearly it was not moving quickly and effectively to propose a plan of reorganization.

The other debtor in the *Ashgrove* opinion was Ashgrove Apts. of DeKalb County, Ltd. ("Ashgrove"). Ashgrove received additional time because it demonstrated that it was making efforts and progress. The Court recognized the distinction between the facts and circumstances of those two debtors. However, Ashgrove has just recently received a confirmation hearing date. The process, unfortunately, requires time.

█ The facts of this case place Northgate somewhere between Shannon Woods and Ashgrove. It is closer to Ashgrove, however. Progress has been made and a second amended disclosure is on file. Even though the Court has not considered the adequacy of this latest disclosure statement, the information it contains is more complete than was the previous disclosure statement. The Court can see that the debtor has made progress.

In ideal circumstances Northgate and its general partner could have focused solely on this case and could have moved quickly to confirmation. Then, Goldome would be correct in saying that this debtor has had an unreasonable amount of time, with little progress. But the world of Cardinal entities before this Court is far from perfect

and frustration is common. Goldome, the Court and Northgate feel the frustration. It is a fact, however, that the consolidated corporate entities of Cardinal Industries are general partners in more than 250 limited partnerships operating in Chapter 11. Each one is competing for the attention of a handful of individuals. Each one has its own problems and demands attention. When this Court is asked to determine whether one of these partnership debtors is moving within a reasonable time, the circumstances of its general partner are relevant and must be taken into account. Reasonableness necessarily depends on the circumstances, and the circumstances in the Cardinal world are unique.

The Court finds that the debtor, Northgate Terrace, is not unduly delaying the process. Northgate is not moving at the speed which Goldome and the Court desire. But the Court cannot sanction or require preferential treatment for a particular lender merely because it is unusually active. There are too many other parties whose interests are impacted for that result to be fair or equitable.

V. *The Additional Time Taken by Northgate Requires Heightened Scrutiny of the Effectiveness of the Plan Proposed*

■ The Court is not entirely satisfied with Northgate's handling of this case. Additional time to further amend the prior disclosure statement should have been requested and not presumed. Because this failure causes the process to be stretched out several additional months, the Court believes a heightened scrutiny must now be applied to the effectiveness of the proposed plan. If the plan now proposed cannot be confirmed because of economic deficiencies, then Goldome should be granted relief from stay without awaiting several months for the inevitable. On the other hand, if Northgate can establish that its plan projections are obtainable, then it should be allowed to proceed to confirmation without further interference from Goldome.

The Court does not contemplate a confirmation hearing and neither party should treat it as such. However, the circumstances of this case and the requirements of *United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd. (In re Timbers of Inwood Forest Assoc., Ltd.)* require Northgate to assume a further heightened burden to show its plan is feasible if it is to be given the additional time required to proceed to confirmation. 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). Although the Court has found the required time to be reasonable under the factual circumstances of this case, the feasibility scrutiny must now be advanced to protect the integrity of the process and to satisfy the other part of the *Timbers* test. The additional hearing being scheduled is for Northgate to show that its reorganization prospects are based upon economic realities and that the economic feasibility of its proposed plan can be demonstrated. Now that all records are available and in usable form, such demonstration is appropriate if the automatic stay is to continue.

For the additional hearing being scheduled in this matter, the Court necessarily has decided to depart somewhat from its previously announced determination not to decide confirmation issues prematurely in the context of a relief from stay matter. While that general rule still applies, certain confirmation issues which are necessary for a showing of feasibility will have to be argued and put before the Court for decision given the unusual circumstances of this case. Those issues include: (1) the appropriateness of the interest rate proposed; (2) the amount of Goldome's allowed secured claim; (3) the appropriateness of Northgate's proposed application of post-petition rents, either previously paid to Goldome or currently being held by the debtor, and the amount of those sums; (4) the accuracy of Northgate's income and expense projections, especially for the initial years of the plan; and (5) the source and reasonableness of reserve funds contemplated by the plan. Issues relating to Goldome's assertions of the plan's wrongful classification of claims, violations of the absolute priority rule, or discriminatory treatment of certain claims will not be addressed until the hearing on confirmation,

if the debtor's proof relating to feasibility permits the process to continue.

Therefore, resolution of Goldome's second renewed relief from stay motion is continued pending a hearing to be scheduled for Friday, April 19, 1991 at 10:00 a.m. The provisions of the automatic stay will continue until issues addressed at that hearing have been resolved.

IT IS SO ORDERED.